**Weldon Lee ENAX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–099 CR.**

Court of Appeals of Texas, Beaumont.

June 8, 1994.

Rehearing Overruled June 30, 1994.

Gilbert G. Garcia, Garcia & Garcia, Conroe, for appellant.

Frank H. Bass, Jr., County Atty., Conroe, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the misdemeanor offense of Driving While Intoxicated. Appellant pleaded guilty to the trial court and was sentenced by the court to a fine of $450.00 and confinement in the Montgomery County Jail for a period of one (1) year. Appellant's confinement was probated for a period of two (2) years. Prior to the guilty plea, the trial court conducted a hearing pursuant to a written motion to suppress evidence filed by appellant. The basis of the instant appeal is the trial court's denial of said motion. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(3) (Vernon 1989). Appellant frames his points of error as follows:

> POINT OF ERROR ONE: The trial court erred when it overruled appellant's motion to suppress evidence obtained pursuant to an illegal D.W.I. roadblock, in violation of *Michigan v. Sitz,* 496 U.S. 444, U.S. (sic) 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990).
>
> POINT OF ERROR TWO: The trial court erred in failing to hold that the D.W.I. roadblock violated appellant's rights under the Fourth Amendment to the United States Constitution and Art. I, sec. 9 of the Texas Constitution.

We note at the outset that appellant failed to separate his claim under the Texas Constitution from his claim under the U.S. Constitution. No separate argument with authoritative support was included in his

brief. As such, any separate issue involving TEX.CONST. art. I, § 9 is waived. *See Heitman v. State*, 815 S.W.2d 681, 690–691, n. 23 (Tex.Crim.App.1991). We will combine the remainder of point of error two with point of error one in our discussion and disposition of the case.

■ The issue before the trial court at the suppression hearing involved the legality of a "D.W.I. and driver's license check point" set up by Deputy Constable James Edward Cordell at the request of Constable Travis Bishop in the early morning hours of July 25, 1992. Deputy Cordell was the only witness called by the State with knowledge of the facts surrounding the implementation of the D.W.I. roadblock. Cordell testified that he was instructed to detain every vehicle coming upon the roadblock and verify that the driver had a valid driver's license, valid proof of liability insurance, and to determine "whether or not they ha[d] been drinking." Cordell testified that it took only "a few moments" to accomplish this for each driver. In response to the State's query as to why have D.W.I. roadblocks, Cordell replied that he saw it as saving lives and preventing accidents caused by intoxicated drivers. Cordell also stated that appellant's vehicle was the first one stopped by the D.W.I. roadblock.

On cross-examination, Deputy Cordell admitted that no probable cause existed for stopping appellant's vehicle, and that he had no warrant for appellant's arrest. Cordell further described the roadblock scene as, "[o]ne officer with one cone light a hundred yards away and then about seven cars at the check point itself."

In a recent opinion, the Court of Criminal Appeals considered the reasonableness of a roadblock set up in almost an identical manner as the one in the instant case. Relying on the dictates of *Michigan Department of State Police v. Sitz*, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990); *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979); and *United States v. Martinez–Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), the Court of Criminal Appeals recognized that D.W.I. roadblocks fall into the category of "suspicionless search[es]." *State v. Sanchez*, 856 S.W.2d 166, 168 (Tex.Crim.App.1993). Such suspicionless searches are reasonable, the Court continued, when they meet the balancing test established in *Brown v. Texas*. *Id.* Said test balances the public interest against the individual's right to personal security in light of three factors: (1) the state interest involved; (2) the level of intrusion on the individual's privacy; and (3) the effectiveness of the procedure used in achieving its stated goal. *Id.* The plurality opinion in *Sanchez* held that "[i]n the absence of evidence of authoritatively standardized procedures followed in operating the subject roadblock in order to serve its stated purpose and minimize the officers' discretion, and in the absence of testimony or empirical evidence demonstrating the effectiveness of the roadblock," the roadblock was unreasonable under the Fourth Amendment. *Id.* at 170.

In reaching its conclusion, the *Sanchez* Court made the following observations from the record before it: (1) the roadblock was established by four individual officers; (2) the record was void of any showing that the officers followed standardized guidelines in operating the roadblock; (3) the officers acted without the authorization or guidance of superior officers; (4) the officers acted without established procedures concerning the location of the roadblock or its operation; and (5) the record was void of any showing demonstrating the effectiveness of the roadblock in achieving its stated goals. *Id.* at 169–170.

In the instant case, while Deputy Cordell was acting under authorization from a superior, the superior was Constable Bishop. In the hierarchy of governmental entities in Texas, there are two sets of law enforcement offices above the office of constable, to-wit: sheriff's office, and the Department of Public Safety. The "standardized guidelines" in *Sitz* were promulgated by an advisory committee comprised of members from the state police force (headed up by the Michigan Department of State Police and its Director), local police forces, state prosecutors, and the University of Michigan Transportation Research Institute. *Sitz*, 496 U.S. at 447, 110 S.Ct. at 2483, 110 L.Ed.2d at 418. There was no evidence from Deputy Cordell that

Constable Bishop's instructions were based upon objective standardized guidelines, nor even that any Texas law enforcement agency, much less the Montgomery County Constable, precinct 4, had developed or instituted any such guidelines. Furthermore, as was the situation in *Sanchez,* the State offered absolutely no evidence demonstrating the effectiveness of the roadblock in identifying violators. The *Sanchez* Court pointed out that the U.S. Supreme Court stressed the importance of *some* empirical evidence to establish the effectiveness of the stop in achieving its stated goals.[1] *Sanchez,* 856 S.W.2d at 170.

In its reply brief, the State would have us ignore the plurality opinion in *Sanchez* and, instead, rely on the concurring opinion of Justice Campbell (joined by Justice Meyers), and the fact that three other judges dissented *without opinion.* We respectfully decline this invitation by the State. In the alternative, the State requests a second chance at a suppression hearing in that the *Sanchez* case was decided in June of 1993, while the suppression hearing took place in February of 1993. The State contends that the Court of Criminal Appeals "stated a preference for some sort of *written* guidelines" for administration of D.W.I. roadblocks. (emphasis in original) We are unable to locate, at the record reference provided, where the *Sanchez* Court makes any mention of a preference for *"written"* guidelines. At any rate, this is a non-issue as the seminal cases upon which the *Sanchez* Court relied, *Brown v. Texas* and *Sitz,* were decided in 1979 and 1990, respectively. The *Sanchez* Court added nothing new to the *Brown/Sitz* balancing test in analyzing the facts before it. Both *Brown* and *Sitz* were authorities readily available to the State. We also decline this request by the State to give it a second bite at the apple.

In the instant case, we hold that the trial court erred in overruling appellant's motion to suppress. We therefore reverse the judgment and remand the cause to the trial court.

REVERSED AND REMANDED.

---

1. We wonder if the lack of statewide (or at least countywide) standardized guidelines permits a trial or appellate court to consider the subjective opinion of the officer or officers manning the roadblock as to "goals" of the roadblock. In other words, without the existence of objective standardized guidelines, issuing from some generally recognized authoritative source, would not consideration of the other *Brown v. Texas* factors become moot?